

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

RICE DANIEL
TORNEY GENERAL

Feb. 25, 1947

Hon. W. E. Lowry, Executive Director
State Board of Vocational Education
P. O. Drawer BB, Capitol Station
Austin, Texas

Opinion No. V-51

Re: County Board of School
Trustees, authority of to
sponsor and administer a
vocational educational pro-
gram in cooperation with
the State Board for Voca-
tional Education and the
Veterans' Administration.

Dear Sir:

We refer to your letter of recent date wherein you request an opinion from this Department on the following subject and question, from which we quote:

"The State Board for Vocational Education is now furnishing supervision on a State-wide level to some 186 county units of Vocational Schools set up and operated by the County School Boards in these counties. These schools are for the returning servicemen of World War II. They were established on the presumption that the County School Boards have authority to operate them in compliance with the powers given these County School Boards in the Public School Laws of Texas, Article 2683. Each of these county units operates multiple units within the county and, in all cases, such operation has the assistance and cooperation of the other school districts within the county.

"The State Board for Vocational Education entered into this program as a result of the State-wide need for such a service, and as a result of an opinion of the Attorney General's office written on the 13th of May, 1946, and carrying the serial number 0-6867. The program has prospered and grown in size and in quality, and the enrollment at present, represents some 10,000 veterans.

"During the past few weeks there has been some
question from Federal agencies as to the legality of
these schools. These questions have arisen in con-
nection with applications for surplus property. The
question we would like to ask your department is:

"Does the County Board of School Trustees have
authority to sponsor and to administer the above de-
scribed schools under the public School Laws of
Texas, Article 2683, or under any other law or any
other article now in existence in Texas Statutes?"

We are further advised that neither the credit nor any of
the public school funds of the State of Texas or of its school dis-
tricts are to be pledged in the furtherance of the contemplated vo-
cational educational program, but the entire cost will be paid out of
the charges and Federal contributions specified in the proposed con-
tract entered into between the Veterans' Administration and the
State Board for Vocational Education as approved and discussed in
our Opinion No. 0-6867. That further, the contemplated educational
program is purely voluntary in nature and that only those school
districts within the county who will enlist with the county Board of
Trustees their full cooperation and assistance in the program may
realize the benefits accorded to war veterans in this vocational edu-
cational program.

Section 1 of Article VII of the Constitution of Texas provides:

"A general diffusion of knowledge being essential
to the preservation of the liberty and rights of the
people, it shall be the duty of the Legislature of the
State to establish and make suitable provisions for
the support and maintenance of an efficient system
of public free schools."

Wide and general powers are given to the State Legislature
by said Section 1 of Article VII, in establishing and making suitable
provisions for the support and maintenance for an efficient public
free school system, and without doubt, it may establish such admini-
strative agencies as may be necessary to attain the end in view,
which is a general diffusion of knowledge among the people. Under
this provision the State Board for Vocational Education was estab-
lished, the County Board of School Trustees, and other State educa-
tional administrative agencies.

Article 2676, V.A.C.S., provides that the general manage-
ment and control of the public free schools and high schools in each
county, unless otherwise provided, shall be vested in five (5) county
school trustees elected from the county.

Article 2683 provides in part as follows:

"The county school trustees of each county shall
constitute a body corporate, by the name of the County
School Trustees of _____ County, State of Texas,
and in that name may acquire and hold real and per-
sonal property, sue and be sued, and may receive be-
quests and donations or other monies or funds coming
legally into their hands, and may perform other acts
for the promotion of education in the county. The title
to . . . any school property that may be acquired, shall
vest in the county school trustees and their successors
in office for public free school purposes."

The status of the county school trustees is new to Texas
jurisprudence. It apparently more nearly approximates that of
county commissioners than any other Texas office. Such a Board
is a corporate body. Art. 2683, V.A.C.S.; Board of School Trust-
ees of Lubbock vs. Woodrow I.S.D., 90 S. W. (2d) 333; County
School Trustees of the Common School District, 192 S. W. (2d) 891.
Article 2681 vests with them certain duties theretofore performed
by the Commissioners' Court. Chapter 11 of Title 49, R.S. 1925, and
amendments (V.A.C.S., Art. 2676, et seq.) vests this Board with
practically unbridled authority over the public free schools of the
county. Some of its duties are quasi-judicial in character. Davis
vs. Hemphill, 243 S. W. 691. See also: Donie I.S.D. vs. Freestone
Consolidated, etc., 127 S. W. (2d) 205; Gibson vs. Couch, 153 S. W.
(2d) 288.

Article 2680 provides that besides the subjects prescribed
by law to be taught in the public schools of Texas, such additional
subjects as agriculture, manual training, domestic economy or
other vocational branches shall be included in the course of study
in all high schools provided for herein which are located outside of
incorporated towns or cities, and that special attention shall be
given to the teaching of such subjects. Thus is indicated the ex-
pressed desire and intent of the Legislature of this State that voca-
tional education be provided and be given special attention by the
educational administrative agencies created by the Legislature.

Under the various provisions of the statutes above enum-
erated the County Boards of School Trustees are under the duty of
maintaining and establishing for their county the most efficient
school system for the general diffusion of knowledge in the county.
This is the mandate of the Constitution of the State of Texas. In
order to effectuate this high purpose, said Board has the discretion
to exercise any power relating to the school system of such county,
not prohibited by law, which it believes will accomplish this result.
Article 2683 charges the county school trustees with the manage-
ment of the affairs of their districts and the protection of their best
interest. Henderson vs. Miller, 286 S. W. (2d) 501; County Board vs.

Bullock Common School District, 37 S. W. (2d) 829; Cowan vs. Clay County Board of Education, 41 S. W. (2d) 515.

The express power given to the County Board of Trustees by the Constitution and laws of this State to do the things specified therein, necessarily includes the right and power to do the incidental things reasonably proper and necessary to accomplish the end and purpose sought therein. City of Dallas vs. Mosely, 286 S.W. 497, affirmed in 17 S. W. (2d) 36.

It is the opinion of this office that the County Board of School Trustees has the discretion and requisite authority to sponsor and administer the schools designed and contemplated for the vocational education of World War Veterans under the guidance and direction of the State Board of Vocational Education acting in assistance and cooperation with the Veterans' Administration, which finances this commendable educational plan. We believe that the sponsoring and administration of this vocational educational program is within the legal discretionary powers of said County Boards of School Trustees, when it is installed or organized for this lawful and worthy purpose.

## SUMMARY

The County Boards of School Trustees have the legal discretionary authority to sponsor and administer schools organized by the State Board for Vocational Education in cooperation with the Veterans' Administration for the purpose of providing vocational educational training for World War II veterans. Arts. 2676, 2681 and 2683, V.A.C.S.; Art. VII, Sec. 1, Constitution of Texas.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By                Chester E. Ollison
                  Assistant

CEO:djm:sl

APPROVED FEB 25 1947

ATTORNEY GENERAL OF TEXAS